UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

IAN TORCH LOCKLEAR,                            CASE NO. _____

   Plaintiff,

vs.

JOHN KING, JR., in his official capacity as
Secretary of the U.S. Department of Education,

   Defendant.
_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY OR FORGIVENESS OF STUDENT LOAN DEBT

Plaintiff, IAN TORCH LOCKLEAR, ("Plaintiff" or "Debtor"), brings this complaint against Defendant JOHN KING, JR., in his official capacity as Secretary of the U.S. Department of Education, (hereinafter referred to as the "Defendant"), seeking to overturn Defendants' decisions to deny his application for a student loan discharge and alleges as follows:

### INTRODUCTION

1. The Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 et seq. ("HEA"), mandates that the Secretary of Education grant discharges of student loans if the school attended by the student falsely certified that the student had the ability to benefit from program for which the student's loans were taken out. Mr. Locklear was approved for and took out student loans to attend an institution of higher education, despite not having a high school diploma or otherwise having the ability to benefit from his education as required by the HEA. He filed an application with Defendant for an ability-to-benefit false certification discharge and came forward with undisputed evidence that he met all of Defendant's requirements for the discharge. Acting arbitrarily, capriciously and contrary to law, Defendant

1

nevertheless denied his discharge. He requests that this Court reverse Defendant's decision and remand this case to Defendant with instructions that his application for the ability-to-benefit false certification discharge be granted and that all amounts he paid on his student loans be refunded to him.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Mr. Locklear's claim based on a federal question under 28 U.S.C. § 1331 and under the Administrative Procedures Act, 5. U.S.C. §§ 701 et seq. ("APA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

3. This action is authorized and instituted pursuant to the APA, 5 U.S.C. § 702, and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

4. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(e)(1)(c) because Mr. Locklear resides in this jurisdictional district, and the acts and transactions occurred in Hillsborough County, Florida.

## PARTIES

5. Plaintiff Ian Torch Locklear, is a natural person who resides in Hillsborough County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

6. Defendant John King, Jr., is Secretary of the U.S. Department of Education. As such, he is responsible for the administration of federal student loan programs, including the Federal Family Education Loan ("FFEL") Program. He is sued in his official capacity. Suit against him in his official capacity is authorized by 20 U.S.C. § 1082(a)(2).

## STATUTORY SCHEME

7. The HEA requires Defendant to administer the FFEL Program, which includes what were formerly known as the Guaranteed Student Loan and Stafford Loan Programs.

8. Under the FFEL Program, lenders make loans for "eligible borrowers" to attend "eligible" post-secondary educational institutions. State and private guaranty agencies insure the loans, and Defendant reinsures the agencies. 20 U.S.C. §§ 1071 et seq.

9. Through the FFEL Program, a student may obtain a FFEL loan to attend an institution of higher education as defined by the HEA. 20 U.S.C. §§ 1002(a)(1), 1085(a).

10. To qualify for a FFEL Program loan, a student must meet various requirements, including the ability-to-benefit requirement. The specific ability-to-benefit requirements have varied over the life of the FFEL Program. As relevant to the periods of enrollment for which Mr. Locklear received FFEL Program loans, to be considered to have the ability to benefit from the program of study, the student must have received a high school diploma or its recognized equivalent prior to enrollment at the school, achieved a passing grade on a standardized test approved by Defendant and administered substantially in accordance with the requirements for use of the test, or successfully completed a period of developmental or remedial education provided by the school. 20 U.S.C. § 1091, 34 CFR § 682.403(e)(13).

11. An institution is liable to defendant for FFEL Program funds disbursed to a student is, when applicable, the institution is unable to document that the student received a passing score on an approved ability-to-benefit test. 34 CFR § 668.154(c).

12. The HEA as amended and its implementing regulations provide that Defendant must discharge a student loan (including interest and collection fees) of a borrower who received a loan on or after January 1, 1986, if the student's eligibility to borrow was falsely certified by the school, including false certification of the student's ability to benefit from the educational program. 20 U.S.C. § 1087(c)(1).

13. Defendant's policy and procedure in evaluating applications for a false certification discharge based on inability to benefit has been set forth in several Dear Colleague and other letters issued by Defendant to guaranty agencies.

14. In DCL GEN-95-42 (Sept. 1995), Defendant directed that (1) the absence of any finding by an oversight agency that a school has engaged in improper ability-to-benefit certification practices raises an inference that no improper such practices were reported because none were taking place; and (b) borrower's sworn statement that he was falsely certified is not alone sufficient to establish entitlement to a discharge if the assertion is not supported by some other evidence. A true and correct copy of this letter is attached to this Complaint as Exhibit "A".

15. In FP-07-09 (Sept. 20, 2007), Defendant reiterated the policy and practice set forth in DCL GEN-95-42 that borrower-specific evidence, beyond his own assertions, that he was falsely certified as having the ability to benefit from the program may be used demonstrates that he qualified for a discharge. A true and correct copy of this letter is attached to this Complaint as Exhibit "B".

16. Discharge of a FFEL Program loan under 20 U.S.C § 1087(c) entitles the borrower to:

    a. repayment of the loan by Defendant, and relief from any existing or past obligation to repay the loan and any charge imposed or cost incurred with respect to the loan that the borrower is or was otherwise obligated to pay, 20 U.S.C. § 1087(c)(1);

    b. restoration of the borrower's eligibility to receive federal assistance under the HEA, 20 U.S.C. § 1087(c)(4); and

    c. correction of all adverse credit reports by reporting to all consumer reporting agencies, including credit bureaus, with respect to the loans discharged, 20 U.S.C. § 1087(c)(5).

17. The APA, 5 U.S.C. § 706(2)(A), specifically creates a cause of action to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law."

## FACTUAL ALLEGATIONS

18. Mr. Locklear attended Hillsborough Senior High School in Tampa, Florida from August 31, 1987, through December 5, 1989.

19. On November 3, 1989, Plaintiff completed and submitted an application for admission to the University of South Florida, ("USF"), while still an 11th grade student at Hillsborough Senior High School, in Hillsborough County, Florida, (a copy of the Plaintiff's USF application is attached hereto as Exhibit "C".)

20. Mr. Locklear was subsequently accepted by USF, admitted to its Undergraduate Degree program and withdrew from high school on December 5, 1989, to attend USF full time as of the January 1990 term. (A copy of the Official Acceptance of USF dated November 28, 1989, is attached hereto as Exhibit "D".)

21. Mr. Locklear never graduated from high school and never received a high school diploma. A copy of his high school transcript indicating that he "…withdrew due to early admissions to USF. Did not graduate from Hillsborough H.S." is attached hereto as Exhibit "E", and a copy of a "verification" letter dated September 4, 2012, from the Student Records Office at the Hillsborough County Public Schools indicating that Mr. Locklear "…withdrew before completing the 11th grade." is attached hereto as Exhibit "F".)

22. Mr. Locklear never received the recognized equivalent of his high school diploma, such as a GED.

23. With respect to his application for and enrollment at USF, Mr. Locklear was never given, let alone achieved a passing grade on, a standardized ability-to-benefit test approved by Defendant and

administered substantially in accordance with the requirements for use of the test. With respect to his application for and enrollment at USF, Mr. Locklear was never offered, enrolled in, or successfully completed a period of developmental or remedial education provided by the school.

24. Mr. Locklear changed his term of entry to begin classes as a freshman at USF to the Summer 1990 term. (A copy of the Office of Admissions, University of South Florida, Undergraduate Request to Change Term of Entry is attached hereto as Exhibit "G".)

25. Mr. Locklear graduated from USF on May 4, 1995, with a Bachelor of Arts degree in Interdisciplinary Social Sciences. (A copy of Mr. Locklear's USF transcript dated February 4, 2013, is attached to this Complaint as Exhibit "H".)

26. Mr. Locklear entered into six (6) Stafford Subsidized loan agreements which were disbursed to Plaintiff for the purpose of receiving federal education loans while attending USF, as evidenced by the Notification of Financial Aid Award statements attached hereto as Exhibit "I".

27. Mr. Locklear was disbursed a total of six (6) Stafford Subsidized loans for periods of enrollment at USF beginning with the August 1990 period of enrollment, through May 1995. The loan agreements were executed specifying the principal amount financed annual percentage rate and other applicable fees and provisions.

28. USF's authorized officer signed each student loan document certifying that Mr. Locklear was eligible for the loan program based on all applicable provisions of federal law.

29. The loans have since been consolidated to a FFEL Consolidated loan. The current outstanding principal amount is $56,485.00 and the current outstanding interest is $10,891, due under the terms of the note.

30. On December 15, 2010, Mr. Locklear completed and submitted to Texas Guaranteed Student Loan Corporation ("TG"), the servicer of his student loans, a Loan Discharge Application: False Certification

(Ability to Benefit) for false certification loan discharge based on a faulty determination of his ability to benefit. (A true and correct copy of Mr. Locklear's Loan Discharge Application: False Certification (Ability to Benefit) is attached to this Complaint as Exhibit "J".)

31. In his application, Mr. Locklear certified that he did not have a high school diploma or GED at the time of his enrollment at USF.

32. In his application, Mr. Locklear certified that he did not receive a GED before completing his program of study at USF.

33. In his application, Mr. Locklear certified that before he was admitted to USF, the school did not give him an entrance examination to test his ability to benefit from his program of study.

34. In his application, Mr. Locklear certified that he did not complete a developmental or remedial program at USF.

35. As part of the process of false certification application, request for hearing, and administrative appeal process with Defendant and TG, Mr. Locklear provided Defendant and TG with a copy of his high school transcript and of his entire academic file with USF.

36. Mr. Locklear's high school transcript that he provided to Defendant and TG in this administrative process on its face states "Student withdrew due to early admissions to USF. Did not graduate from Hillsborough H.S.", which was signed by the Registrar of Hillsborough High School on August 8, 1990.

37. Mr. Locklear's academic file with USF that he provided to Defendant and TG in this administrative process contains no indication or evidence that he was ever given, let alone achieved a passing score on, a standardized ability-to-benefit test approved by Defendant and administered substantially in accordance with the requirements for use of the test. In fact, Mr. Locklear did not take an SAT or CLAST test until June 1993, three (3) years after he initially enrolled and began attending classes at USF.

38. Mr. Locklear's academic file with USF that he provided to Defendant and TG in this administrative process contains no indication or evidence that he did not complete a developmental or remedial education program provided by USF.

39. Defendant and TG repeatedly denied Mr. Locklear's application for a false certification discharge during the administrative process, with a final administrative denial taking place by letter from Defendant dated September 16, 2013.

40. Defendant and TG have offered shifting rationales for its denials of Mr. Locklear's application for a false certification discharge.

41. By letter dated January 20, 2011, TG rationalized its denial of Mr. Locklear's application as follows:

> "After reviewing all available information including program review and audit files, TG has determined that the discharge of your student loan debt cannot be approved because there is no documentation to substantiate your claim that the school improperly determined your ability to benefit status. TG's research of audits and program reviews conducted at this school do not reveal violations of federal ability to benefit regulations that warrant discharge of your student loan."
>
> (A true and correct copy of TG's letter dated January 20, 2011, is attached to this Complaint as Exhibit "K".)

42. This rationale misstates and misapplies Defendant's policy and procedure as set forth in DCL GEN-95-42 and FP-07-09. Under that policy and procedure, a lack of findings by an oversight agency of ability-to-benefit violations on the part of a school can by itself sustain a denial of an ability-to-benefit discharge application only where borrower's only evidence of inability to benefits his unsworn assertions and not where, as here, the borrower supports his inability to benefit with other corroborating evidence.

43. By letter dated February 18, 2011, Mr. Locklear submitted his "written appeal" of TG's denial of his application for a false certification discharge. (A copy of Mr. Locklear's letter dated February 18, 2011, is attached to this Complaint as Exhibit "L".)

8

44. On March 18, 2011, TG issued a "Notice Prior to Wage Withholding" pursuant to 20 U.S.C.A. 1095a, and Mr. Locklear requested a hearing.

45. On June 7, 2011, an Administrative Wage Garnishment ("AWG") hearing was held with TG representative Charles Kracy, Administrative Law Judge Rupaco T. Gonzalez, Jr. and Mr. Locklear in attendance telephonically. A Decision and Order was entered on June 7, 2011, denying Mr. Locklear's request to halt wage garnishment, and TG was authorized to begin withholding ten percent (10%) of Mr. Locklear's wages. (A copy of the Decision and Order dated June 7, 2011, is attached to this Complaint as Exhibit "M".)

46. By letters issued by Defendant dated November 4, 2011 and June 27, 2012, to Mr. Locklear, Defendant repeated verbatim or in all material substance its rationales for its denial of Mr. Locklear's application for an ability-to-benefit false certification loan discharge. (Copies of Defendant's letters are attached to this Complaint as Exhibits "N" and "O", respectively.)

47. By letters issued by Mr. Locklear dated February 14, 2012 and October 26, 2012, in addition to voluminous amounts of email messages between Defendant's representatives and Mr. Locklear in response of Defendant's letters, Mr. Locklear repeatedly and consistently reiterates to Defendant, TG and their respective representatives that he: did not have a high school diploma or GED at the time of his enrollment at USF, that he did not receive a GED before completing his program of study at USF, that before he was admitted to USF, the school did not give him an entrance examination to test his ability to benefit from his program of study and that he did not complete a developmental or remedial program at USF, thus qualifying him for a False Certification (Ability-to-Benefit) Discharge, and provided proof thereof. (Copies of Mr. Locklear's letters are attached to this Complaint as Exhibits "P" and "Q", respectively.)

48. Through his communication with Defendant and with TG, Mr. Locklear repeatedly provided Defendant with copies of his high school transcript and an attendance verification letter from the Hillsborough County Public Schools Student Records Office dated September 4, 2012, which indicated that he did not graduate. By letter issued by Defendant dated December 12, 2012, to Mr. Locklear, Defendant acknowledges receipt of such evidence and first proffered the additional rationale for denial that:

> "You have now submitted new evidence for review, showing that you did not, in fact, graduate from high school, and had stopped attending high school in December 1989. ED has reviewed your new evidence, and has determined that your claim for discharge is still denied, for the reasons stated below:"
>
> "TG's prior research with the University, in 2011, showed that no physical student records for you were still on file with the university s of 2011, and that the only record the university still had on file was an electronic record that indicated you earned your high school diploma in June 1990. This is what your loan certification was based on. The source of your reported high school graduation cannot be confirmed, due to the data having been purged, being past the required retention period. This lack of detailed data doesn't change the fact that the university had documents, at the time in 1990, to indicate that you were a high school graduate, prior to any loan disbursement occurring."
>
> (A true and correct copy of Defendant's letter dated December 12, 2012, is attached to this Complaint as Exhibit "R".)

49. Under HEA and its implementing regulations, however, graduating from the program from which Mr. Locklear received his student loans, which was an undergraduate postsecondary education program for the completion of which he received a B.A. degree, does not as a matter of law constitute earning a GED or successfully completing a program of developmental or remedial education within the meaning of HEA and its implementing regulations, including the ability-to-benefit false certification discharge regulation, 34 C.F.R. § 682.401(e)(13).

50. Mr. Locklear continued communications through Defendant and TG through voluminous email messages and faxed correspondence. By letter issued by Defendant March 18, 2013, to Mr. Locklear,

Defendant acknowledges receipt from Mr. Locklear of evidence showing that he did not graduate from high school, and continues to deny his false certification appeal on the following additional rationale:

> "Your high school transcript shows that you withdrew from high school as of December 5, 1989, due to early admission to the University, without graduating from the high school, and with a GPA of 3.510 for the time you were enrolled. Your University transcript then shows that you had an SAT score of 1210. The University has also stated that with your recorded high school GPA and SAT score, you exceeded the state and institutional minimum requirements."
>
> "Based on the current information available, it is ED's position that the University considered you to have the recognized equivalent of a high school diploma, even though you turned out to not graduate from high school as you originally reported you expected to."
>
> (A true and correct copy of Defendant's letter dated March 18, 2013, is attached to this Complaint as Exhibit "S".)

However, neither Defendant nor the University has provided documentation or copies of written rules, procedures or guidelines that support this additional allegation of Defendant and the University.

51. By letter issued by Defendant September 16, 2013, to Mr. Locklear, Defendant maintains its stance that Mr. Locklear is:

> "...not eligible for discharge based on (your) school's alleged false certification of (your) ability to benefit from its program because USF was not required to determine (your) ability to benefit or administer an ability to benefit test to (you)."
>
> (A true and correct copy of Defendant's letter dated September 16, 2013, is attached to this Complaint as Exhibit "T".)

52. Defendant continues to argue that, pursuant to the version of 34 C.F.R. § 668.7 as published at the time of Mr. Locklear's enrollment at USF in 1990 and when he obtained his first Stafford Subsidized loan, also in 2990, USF was not required to determine whether he had the ability to benefit from the program for which he received the loans.

53. As a matter of law, and to the extent that it could be interpreted to preclude Mr. Locklear from being eligible for an ability-to-benefit false certification loan discharge, 34 C.F.R. § 668.7 was superseded and nullified by amendments to the HEA, including amendments enacted in 1991 and 1992

to 20 U.S.C. §§ 1085, 1087, and 1091 and by the promulgation, pursuant to these amendments of 34 C.F.R. § 682.402(e), as amended, which sets forth the eligibility criteria for an ability-to-benefit false certification loan discharge applicable to the periods of enrollment for which Mr. Locklear received his six (6) Stafford Subsidized loans.

54.    In support of the foregoing Factual Allegations, Plaintiff enters into evidence as Exhibit "U", a copy of the Memorandum and Order, entered on September 29, 2015, in Case No. 4:14-cv-01017-CDP, filed in the United States District Court, Eastern District of Missouri, Eastern Division, Maureen McMguire, Plaintiff vs. Arne Duncan, Secretary of the U.S. Department of Education. Judgment was entered September 29, 2015, in favor of Plaintiff.

55.    In denying Mr. Locklear's application for a false certification discharge, Defendant did not impugn the reliability of the evidence he provided to Defendant to corroborate his sworn assertion that he lacked the ability to benefit from the program for which he received the Stafford Subsidized student loans, to wit: his high school transcript, which states that his diploma was not granted; and his academic file at USF, which contains no evidence that he was given or passed a properly administered ability to benefit test, that he was offered, completed or passed a course of developmental or remedial education offered by the school, or that he received the recognized equivalent of a high school diploma (GED) at any time before or after enrollment.

56.    All conditions precedent for this action have been satisfied, including exhaustion by Mr. Locklear of his administrative remedies.

## FIRST CAUSE OF ACTION
**(Violation of the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq.)**

57.    Mr. Locklear hereby incorporates by reference Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

58. Defendant denied Mr. Locklear's application for an ability-to-benefit false certification discharge of his Stafford Subsidized student loans.

59. For reasons set forth above, Defendant's denial of his application violates the Administrative Procedures Act (APA) because Defendant's action is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with Defendant's responsibilities under the HEA, 20 U.S.C. §§ 1071 et seq.

## SECOND CAUSE OF ACTION
### (Violation of the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202)

60. Mr. Locklear hereby incorporates by reference Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

61. Defendant denied Mr. Locklear's application for an ability-to-benefit false certification discharge of his Stafford Subsidized student loans.

62. For reasons set forth above, Defendant's denial of his application violates the Administrative Procedures Act (APA) because Defendant's action is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with Defendant's responsibilities under the HEA, 20 U.S.C. §§ 1071 et seq., and Mr. Locklear is entitled to a declaration under the Declaratory Judgment Act (DJA), 20 U.S.C. §§ 2201-2202, that Defendant violated Mr. Locklear's rights under the HEA and the APA in denying his application for a student loan discharge.

## RELIEF REQUESTED

Wherefore, Mr. Locklear prays for the entry of an order and judgment:

A. Declaring that Defendant's refusal to grant Mr. Locklear's application for an ability-to-benefit false certification discharge of his Stafford Subsidized student loans was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with Defendant's responsibilities under the HEA, 20 U.S.C. §§ 1071 et seq., in violation of the APA, 5 U.S.C. § 702(2)(A);

B. Enjoining Defendant to:

    a. Discharge Mr. Locklear's Stafford Subsidized student loans;

    b. Immediately suspend collection activities on Mr. Locklear's Stafford Subsidized student loans;

    c. Correct adverse credit reports made with respect to Mr. Locklear's Stafford Subsidized student loans by reporting his discharge to all consumer reporting agencies, including credit bureaus, with respect to the loans discharged;

    d. Restore Mr. Locklear's eligibility to receive federal assistance under the HEA;

    e. Repay Mr. Locklear's Stafford Subsidized student loans;

    f. Return to Mr. Locklear all monies paid, including any charges imposed or cost incurred, voluntarily or involuntarily on his Stafford Subsidized student loans; and,

    g. Grant Mr. Locklear any other relief authorized by 20 U.S.C. § 1087(c) and Defendant's implementing regulations, policies, and procedures;

C. Order Defendant to pay the costs of this action, together with reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), as determined by the Court; and

D. Grant such other further relief as the Court may deem just and proper.

Respectfully submitted this _MARCH 17, 2006_.

_____
Nancy L. Cavey, Esquire
Florida Bar No. 300934
Sunshine State Bankruptcy Law Firm, LLC
821 16th Street North, Suite A
St. Petersburg, FL 33705
(727) 828-9955 - telephone
(727) 289-7035 - fax
cavey@tampabay.rr.com
Attorney for Plaintiff, Ian Torch Locklear